IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD DEWALT BEVERLY,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL ELECTIONS COMMISSION,<br><br>        Defendant. | 1: 08 - CV - 1538  AWI GSA<br><br>**ORDER DENYING EX PARTE APPLICATION AND ORDER TO ALL STATES**<br><br>[Document **#1**] |

On October 14, 2008, Plaintiff filed a document entitled "EX PARTE APPLICATION AND ORDER TO ALL STATES".  Plaintiff states that time is of the essence in this matter. While Plaintiff does not state the procedural basis for his motion, it appears that he seeks some form of a temporary restraining order or preliminary injunction.

Preliminarily, the court notes that Plaintiff is asking for an ex parte order.  Pursuant to Rule 65(b), Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant or the applicant's attorney certifies the reasons that notice should not be required.  Plaintiff has not met this standard.  Plaintiff has offered no reason why Defendant cannot be given an opportunity to respond to Plaintiff's request.  Thus, Plaintiff's ex parte motion fails on its face.

1      Rule 65 of the Federal Rules of Civil Procedure allows for the issuance of a preliminary
2 injunction as a provisional remedy. The legal principles applicable to a request for preliminary
3 injunctive relief are well established. To prevail, the moving party must show either: "(1) a
4 likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious
5 questions going to the merits were raised and the balance of hardships tips sharply in its favor."
6 Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir.1999); Oakland Tribune, Inc. v.
7 Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985).

8      While Plaintiff's motion, declaration, and exhibits are unclear, it appears Plaintiff seeks a
9 court order that orders all fifty states to give sufficient public notice to all voters that if they cast
10 a write-in vote for Plaintiff as President of the United States their vote will be counted. Plaintiff
11 then provides documents indicating that Plaintiff has tried to announce his write-in candidacy
12 through regular media outlets, but these outlets have refused Plaintiff's press release because it
13 appears to exact revenge or harm a person or group. Plaintiff appears to have asked Defendant
14 for help in announcing his candidacy, but Defendant has not responded to Plaintiff's request.

15      Based on the confusing documents before the court, the court finds that Plaintiff has not
16 shown a likelihood of success on the merits or even serious questions going to the merits of his
17 case. It is unclear how this court has personal jurisdiction to make any order concerning a state
18 other than California. It is unclear how this court has subject matter jurisdiction to force
19 Defendant to announce his candidacy. It is unclear if Plaintiff has exhausted his administrative
20 remedies or if any exception to exhaustion occurs. It is unclear if Plaintiff even has a right to
21 have Defendant announce his candidacy. Thus, no temporary restraining order or preliminary
22 injunction can be issued at this time.

23      Accordingly, Plaintiff's ex parte application is DENIED.

24

25 IT IS SO ORDERED.

26 **Dated:**   **October 21, 2008**             /s/ **Anthony W. Ishii**
                                         CHIEF UNITED STATES DISTRICT JUDGE
27

28                                               2