# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARNOLD DEWALT BEVERLY,** | 1: 08 - CV - 1538 AWI GSA |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS AND CLOSING CASE** |
| v. | |
| **FEDERAL ELECTIONS COMMISSION,** | (Doc. Nos. 18, 21, 29) |
| Defendant. | |

Currently pending before the Court is defendant Federal Election Commission's ("FEC") motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The complaint in this case is vague, but essentially appears to be an ex parte application for injunctive relief based on Defendant's failure to assist Plaintiff in announcing his write-in candidacy for President of the United States. See Court's Docket Doc. No. 1. The Court denied the application. Subsequently, Plaintiff moved for partial summary judgment based on the FEC's refusal to act on his telephone calls and threat against Plaintiff to stop calling. See Court's Docket Doc. Nos. 6, 10. Plaintiff filed a further memorandum regarding partial summary judgment that was similar to the first memorandum, but included a discussion relating to government oversight and the natural born citizenship status of the President of the United States. See Court's Docket Doc. No. 23.

The FEC filed a motion to dismiss in December 2008.  See Court's Docket Doc. No. 18.  The FEC argues that to the extent Plaintiff complains of a lack of action/failure to investigate, such claims may only be brought in the District of Columbia, as per 2 U.S.C. § 437g(a)(8).  The FEC also argues that, to the extent Plaintiff is attempting to allege a different cause of action, he has identified no statute that waives sovereign immunity.

On January 21, 2009, Plaintiff filed an application for appointment of independent counsel.  See Court's Docket Doc. No. 29.  Plaintiff addresses the FEC's motions to dismiss and seems to argue that he wishes to pursue a RICO claim (18 U.S.C. § 1961 et seq.).  See id.

Dismissal of this case is appropriate.  First, to the extent Plaintiff claims the FEC failed to act on or investigate his administrative claim, such a claim must be brought in the Federal Court for the District of Columbia.  See 2 U.S.C. § 437g(a)(8); Berg v. Obama, 574 F.Supp.2d 509, 525 (E.D. Pa. 2008); Beam v. Gonzales, 548 F.Supp.2d 596, 611-12 (N.D. Ill. 2008); Salo v. FEC, 2007 U.S. Dist. LEXIS 30855, 1-2 (E.D. Cal. Apr. 26, 2007).  Although the complaint is bare of allegations regarding RICO and thus fails to state such a claim, to the extent that Plaintiff may be attempting to bring a RICO claim against the FEC, such a claim is improper.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Courts have held that RICO does not waive the sovereign immunity of the United States.  See Peoples v. Wells Fargo Bank, 2008 U.S. Dist. LEXIS 8832, *7 (D. Nev. January 18, 2008); Jones v. Nat'l Commun. & Surveillance Networks, 409 F.Supp.2d 456, 466 (S.D. N.Y. 2006); Donahue v. FBI, 204 F.Supp.2d 169, 173-74 (D. Mass. 2002); Andrade v. Chojnacki, 934 F. Supp. 817, 831 (S.D. Tex. 1996); McMillan v. Department of the Interior, 907 F. Supp. 322, 326 (D. Nev. 1995); cf. McNeily v. United States, 6 F.3d 343, 350 (5th Cir. 1993) (the United States may not be a proper defendant in a RICO suit); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991) (same); Peia v. United States Bankr. Courts, 152 F.Supp.2d 226, 234 (D. Conn. 2001) (same).  Plaintiff cannot maintain a RICO claim against the FEC.

Plaintiff has failed to establish jurisdiction and dismissal is appropriate.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(1) motion is GRANTED and this case is DISMISSED;
2. All other pending motions are DENIED; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: **January 27, 2009**  /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE